## No. 17,675.

HELEN D. TODD *v.* FREDERICK H. TODD AND ROYAL J.
LEACH, TRUSTEE IN BANKRUPTCY, ETC.
(291 P. [2d] 386)

Decided December 12, 1955.   Rehearing denied January 3, 1956.

1

2

Mr. BENTLEY M. MCMULLIN, for plaintiff in error.

Mr. HOWARD E. ERICKSON, for defendant in error Royal J. Leach.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court and will be referred to as plaintiff. Defendant in error, Frederick H. Todd, was defendant in the trial court. He and plaintiff were married July 2, 1938. On June 5, 1951, plaintiff secured an interlocutory decree in divorce from her

husband; she was awarded possession of the family home, together with alimony. In the interlocutory decree of divorce the matter of division of property and related matters were reserved for hearing on December 7, 1951. On December 6, 1951, a final decree of divorce was entered. The hearing concerning the division of property, etc., was not held on December 7, 1951, because meantime a receiver had been appointed for a part of the husband's property. The home property which is involved in this proceeding stood in the joint names of plaintiff and defendant.

On January 7, 1952 a petition in involuntary bankruptcy was filed against Frederick H. Todd and defendant Royal J. Leach was appointed Trustee of the Bankrupt Estate. He will be referred to as Trustee.

Pursuant to authority of the bankruptcy court the Trustee instituted an action to partition the home property in the Denver District Court. On December 22, 1954, the District Court in the partition proceeding held that the Trustee was entitled to partition of the home property in which plaintiff was residing; determined that the Domestic Relations Division of the District Court had jurisdiction to determine the respective interests of Mr. and Mrs. Todd and the Trustee in the home property, and that whatever interests therein are determined to remain in Frederick H. Todd belong to his Trustee in bankruptcy. Plaintiff was directed to proceed with all due diligence to have the matter finally determined in the divorce case, in which action the Trustee intervened. On March 10, 1955, the court in the divorce action found that the property was subject to a valid homestead entry; that the plaintiff was entitled to her one-half interest in the property plus her homestead rights, and that she was "not vested with any other or additional rights superior to the rights of creditors or the Trustee in Bankruptcy." By its judgment and decree the Domestic Relations Division of the District Court ordered the property be sold and the proceeds divided in accordance with its order. From this judgment

and decree the plaintiff brings the cause here on writ of error.

No questions of fact are involved in the case, the sole matter to be determined being whether the trial court erred in its final judgment and decree of March 10, 1955. Are the claims of plaintiff, who was in possession of the home property at all times, superior to those of the Trustee in Bankruptcy?

Under Section 70 (C) of the Bankruptcy Act, as amended, being Title 11 U.S.C.A. Section 110 (c) the Trustee in Bankruptcy has the status of a lien creditor "as of the date of bankruptcy" and "shall be deemed vested as of such date with all the rights, remedies and powers of a creditor then holding a lien thereon * * *." Consequently the Trustee as of the date of the bankruptcy, is vested with all the rights, remedies and powers of a judgment creditor then holding an execution duly returned and unsatisfied. Thus in Collier on Bankruptcy, 14th Ed. Vol. 4, page 1280, it is stated:

"Consequently the better reasoned cases have held without exception that the Trustee under Sec. 70 (C) has the status of a creditor without notice and thus there is no necessity for demonstrating that he does or does not represent at least one actual creditor without notice."

It is contended by plaintiff that her possession of the home property was inconsistent with the record title thereto. Nothing in this record indicates even remotely that plaintiff's possession was inconsistent with the title to the property. Her possession was not notice to the world of her claim to the title to all of the home property.

It will be noted that plaintiff at no time filed a lis pendens notice in the office of the county clerk and recorder, therefore, her possession, and the pendency of the divorce action were not notice to the public of any title in or claim by her to the home property. Her claim was a matter to be determined by the court in the divorce action, and had not yet been decided at the time the Trustee in Bankruptcy was appointed.

■ Division of property, property settlements and the award of permanent alimony are within the sound discretion of the trial court and no rights vest until the matters involved are determined. On the record as submitted we observe no abuse of discretion, and none is claimed by counsel for plaintiff.

Perceiving no error in the record, the judgment and decree is affirmed.